# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

FILE NO.   13-CV-2193 (MJD/TNL)

Rick J. Lucke

PLAINTIFF,

REPORT AND RECOMMENDATION

V.

Wells Fargo Bank, N.A.,

DEFENDANT.

Rick J. Lucke, 209 Wilkins Street East, Stillwater, MN 55082, *pro se* Plaintiff; and

Jessica Z. Savran, **FAEGRE BAKER DANIELS LLP**, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402, for Defendant.

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss. (ECF No. 26.) The action has been referred to the undersigned magistrate judge for report and recommendation to United States Chief District Judge Michael J. Davis for the District of Minnesota under 28 U.S.C. § 636 and Local Rule 72.2(b). The Court scheduled oral argument to occur on February 26, 2014; Plaintiff Rick J. Lucke did not appear and Jessica Z. Savran appeared on behalf of Wells Fargo. (*See* ECF. No. 38.)

## I.      Facts

In June 2002, Lucke purchased property in Washington County. (Warranty Deed, ECF No. 1-1, at 17-20.[1]) Lucke financed the property by borrowing $130,500 from Irwin Mortgage Corporation and executing a mortgage on the property ("the 2002 mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"). (*See* Compl. ¶ 5; 2002 Mortgage Documents, at 22-23.) The 2002 mortgage was released in 2004. (*See* Release of Mortgage, at 39.) Lucke entered into a new loan transaction with Irwin Lender Corporation in the amount of $147,100. (2004 Mortgage Documents, ECF No. 29-1, at App. 2.) This new loan was secured by a new mortgage ("the 2004 mortgage") on Lucke's property. (*Id.*) Lucke again executed the 2004 mortgage in favor of MERS. (*Id.*)

Lucke defaulted on the 2004 mortgage. (*See* Def.'s Mem., ECF No. 28, at 3.) MERS assigned the mortgage to Defendant Wells Fargo in March 2013. (Corporate Assignment of Mortgage, at App. 29.) Wells Fargo recorded a Notice of Pendency of Proceeding to Foreclose Mortgage in June 2013. (App. 30-31.) The property was sold at a sheriff's sale on August 20, 2013. (Sheriff's Certificate of Sale, at App. 46-47.)

## II.     Procedural History

Lucke brought this action against Wells Fargo in Minnesota's Washington County District Court. Wells Fargo removed the case to federal court based on diversity jurisdiction. (Notice of Removal, ECF No. 1-3.) Wells Fargo then filed a motion to dismiss. Lucke responded by filing an opposition to Wells Fargo's motion to dismiss or,

---

[1] Because neither party labeled its exhibits, the Court will refer to each document by its name with a pin cite to the specific page on which the document appears.

in the alternative, a motion to amend the complaint. Wells Fargo did not oppose Lucke's motion to amend the complaint. This Court ordered that Wells Fargo's motion to dismiss be withdrawn with leave to refile and granted Lucke's motion to amend the complaint. This Court gave Lucke until December 13, 2013 to file an amended complaint. Lucke did not file an amended complaint. Wells Fargo now brings a motion to dismiss. Lucke did not submit a response.

## III.   Analysis

### A.   Standard

"The standard for dismissal under Fed. R. Civ. P. 12(b)(6) is exacting: the pleadings are construed in the light most favorable to the plaintiff, and its allegations are taken as true." *Piper Jaffray Cos. v. National Union Fire Ins. Co. Pittsburgh, Pa*, No. 96-CV-1143 (JRT/RLE), 967 F. Supp. 1148, 1152 (D. Minn. 1997). Rule 12(b)(6) requires that plaintiff's "[f]actual allegations must be enough to raise a right to relief above a speculative level," and that the plaintiff make a "showing, rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 555 n.3 (2008) (internal quotation omitted). A complaint must include a short and plain statement of the claim showing that the plaintiff is entitled to relief; it "must be concise, and it must be clear." *Gurman v. Metro Hous. & Redevelopment Autho.*, No. 11-CV-0228 (PJS/JJG), 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547. A "formulaic recitation of the elements of a cause of action" will not suffice. *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). Rather, the complaint

must set forth sufficient facts to "nudge[] the[] claim[] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Stated differently, the plaintiff must "assert facts that affirmatively and plausibly suggest that he has the right he claims . . . , rather than facts that are merely consistent with such a right." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007) (citing *Twombly*, 550 U.S. at 554-57).

In considering a motion to dismiss, "courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H&R Block, Inc.*, 105 F.3d 394, 397 (8th Cir. 1997). While courts generally may not consider materials outside of the pleadings in deciding whether to grant a motion to dismiss, "courts may consider some public records, materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings." *Saterdalen v. Spencer*, 725 F.3d 838, 841 (8th Cir. 2013) (internal quotations omitted).

Plaintiff represents himself *pro se*, and accordingly the Court will grant his filings an appropriate amount of leeway. *See, e.g.*, *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993). Notwithstanding his *pro se* status, however, Lucke must follow the Federal Rules of Civil Procedure and Local Rules of this Court. *See Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 914 (8th Cir. 2002) ("All civil litigants are required to follow applicable procedural rules."); *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) (per curiam) ("A *pro se* litigant is bound by the litigation rules as is a lawyer . . . ."); *Silberstein v. Internal Revenue Serv.*, 16 F.3d 585, 860 (8th Cir. 1994) ("local rules . . . are binding on the parties."). "[E]ven a *pro se* complaint must allege facts, and not just bare, unsupported, legal conclusions." *Martin v. Benson*, No. 11-CV-465 (DSD/JJK), 827

F. Supp. 2d 1022, 1025 (D. Minn. 2011). When evaluating the sufficiency of a *pro se*

complaint, this Court is not required to "assume facts that are not alleged, just because an

additional factual allegation would have formed a stronger complaint." *Stone v. Harry*,

364 F.3d 912, 915 (8th Cir. 2004); *see also Jackson v. United States Dep't of Justice*, No.

09-CV-846 (JRT/JJK), 2009 WL 5205421, at *3 (D. Minn. Dec. 23, 2009) ("With respect

to its review under Rule 12, the Court has given the complaint the liberal construction

granted to *pro se* pleadings, but kept in mind that even *pro se* pleadings must plead

sufficient facts to state a claim for which relief can be granted.").

### B.   Plaintiff's Complaint Fails to State a Claim

### 1.   Statute of Limitations and Adverse Possession

Lucke's first claim is that the 2004 mortgage[2] is invalid and unenforceable

because "more than fifteen years have passed since the last demand and payment by the

Plaintiff to the defendant, and thus the statute of limitations for the enforcement thereof

has expired pursuant to Minnesota Statute § 541.03." (Compl. ¶ 7.) Lucke is correct that

section 541.03 does limit the time in which a mortgage can be foreclosed upon. *See*

Minn. Stat. § 541.03, subd. 1. But section 541.03 provides that "[n]o action . . . shall be

maintained unless commenced *within 15 years from the maturity of the whole of the debt*

secured by the mortgage." *Id.* (emphasis added). Here, Lucke held a thirty-year mortgage.

The 2004 mortgage states that it will mature in 2034. (2004 Mortgage Documents, at

App. 2.) Therefore, the statute of limitations for a foreclosure proceeding would not

---

[2] Plaintiff appears to assert that the 2002 mortgage is invalid, but that mortgage was released in 2004. (*See* Release of Mortgage, at 39.) Thus, the mortgage at issue here is the 2004 mortgage. (*See* Information Regarding Mortgage to be Foreclosed, at App. 30; Def's Brief, at 6.)

expire until approximately 2049. *See* Minn. Stat. § 541.03, subd. 2. Thus, Wells Fargo's

foreclosure proceeding in 2013 was not barred by section 541.03's statute of limitations.

Plaintiff briefly suggests that he has obtained title to the property through adverse

possession. Adverse possession requires one to show that he or she has "seized or

possessed" the property for fifteen years. Minn. Stat. § 541.02; *see, e.g.*, *Sampair v. Vill.

of Birchwood*, 784 N.W.2d 65, 69 (Minn. 2010) (in order to prove adverse possession, the

possession must be "present, actual, open, and exclusive" for the requisite time period).

Lucke acquired the property in June of 2002. Even assuming Lucke was able to satisfy

the remaining elements of adverse possession, he has not possessed the property for the

requisite time period.

## 2.      Fraud and "Show Me The Note"

Lucke also alleges that Wells Fargo "committed fraud in that Minnesota State law

requires the beneficiary listed on the deed of trust and its assignments to be the owner of

the promissory note." (Compl. ¶ 8.) Thus, Lucke alleges that because Wells Fargo does

not own the promissory note that is secured by the mortgage, it committed fraud when it

foreclosed on the property. (*See id.*) This contention, commonly called the "show-me-the-

note" theory, has been rejected by Minnesota courts and the Eighth Circuit. *See, e.g.*,

*Butler v. Bank of America, N.A.*, 690 F.3d 959, 962 (8th Cir. 2012); *Welk v. GMAC

Mortg., LLC*, No. 11-CV-2676 (PJS/JJK), 850 F. Supp. 2d 976, 981 (D. Minn. 2012);

*Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 501 (Minn. 2009).

First, Lucke's allegations rely on a misapplication of Minnesota law. As many

courts have held, "[u]nder Minnesota law, the entity that holds the mortgage can

foreclose on the mortgage even if that entity does not hold the note." *Welk*, 805 F. Supp. 2d, at 981; *see also Butler*, 690 F.3d at 962; *Kebasso v. BAC Home Loans Servicing, LP*, No. 11-CV-360 (DSD/AJB), 813 F. Supp. 2d 1104, 1111 (D. Minn. 2011).

Second, Rule 9(b) requires that allegations of fraud must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Under Rule 9(b), "a plaintiff must plead such matters as time, place, and contents of false representations, as well as the identity of the person making the representation . . . . In other words, the party must typically identify the 'who, what, where, when, and how' of the alleged fraud." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (internal quotations omitted). This requirement is meant to allow the defendant to respond specifically to potentially damaging allegations of immoral or criminal conduct. *Id.* Here, Lucke has alleged no facts meeting this requirement. Thus, the allegations of fraud in Paragraph 8 of Lucke's complaint also do not support a claim.

### 3.   Consent Decree

Lucke also alleges that Wells Fargo violated a 2011 Consent Order issued by the Comptroller of the Currency relating to mortgage-loan servicing. (*See* Compl. ¶ 9; Def.'s Mem., at 8.) Generally, "strangers to a consent decree do not have standing to enforce a consent decree." *See, e.g.*, *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 958 (8th Cir. 2002). There is a limited exception to the rule when the third party can "show that the parties to the consent decree not only intended to confer a benefit on that third party, but also intended to give that party a legally binding and enforceable right to that benefit." *Id.* Lucke has not alleged any facts showing that he was an intended third party

beneficiary to the Consent Order. Thus, Lucke has no standing to sue for an alleged

violation of the Consent Order. *See Lingenfelter v. Stoebner*, No. 03-CV-5544

(JMR/FLN), 2005 WL 1225950, at *6 n.6 (D. Minn. May 23, 2005) (finding that because

the plaintiffs could not prove that they were intended as third-party beneficiaries, the

consent decree conferred nothing on them).

### 4.        Lending Practices

In Paragraph 11, Lucke alleges a number of wrongful acts in connection with his

loan, including the imposition of excessive fees and charges. Lucke alleges that Wells

Fargo committed predatory lending; violated the Real Estate Settlement Procedures Act

("RESPA"), 12 U.S.C. §§ 2601-17, by imposing interest and other charges without

proper notification; "[p]acked the loan with excessive fees and/or unnecessary fees";

"[c]ommitted acts of mail fraud, wire fraud, and bank fraud in violation of Minnesota and

[f]ederal [s]tatutes"; "[a]dded insurance and other unnecessary products to the loan

amount"; and "imposed charges and an abusive prepayment penalty."

While a complaint does not need to set out in detail the facts upon which the

plaintiff bases his claim, he must still make a "showing" as required by Federal Rules of

Civil Procedure Rule 8(a)(2). *Twombly*, 550 U.S. at 555, 555 n.3. Lucke provides no

factual basis to support these allegations. Lucke does not include information about the

type or amount of excessive fees that were allegedly included in his loan. He does not

indicate which charges he did not receive notification of or which unnecessary products

were allegedly included in his loan. Nor does he include any specific information on how

Wells Fargo allegedly committed mail or wire fraud. Rather, he only includes "blanket

assertion[s], of entitlement to relief." *Id.* These "labels and conclusions" are insufficient to support a claim for relief. *Id.*

### 5.      Assignment from MERS to Wells Fargo

In Paragraph 11(d)(4) of the complaint, Lucke asserts that the assignment to MERS "is in violation of the Minnesota Fraudulent Transfers Act." (Compl. ¶ 11(d)(4).) Wells Fargo never assigned the mortgage to MERS. Rather, MERS was the original mortgagee who assigned the mortgage to Wells Fargo in 2013. (*See* Corporate Assignment of Mortgage, at App. 29.) While the Court must take the facts in the complaint as true, if a document used for purposes of the motion to dismiss contradicts the complaint's allegations, "the document controls and the court need not accept as true the inconsistent allegations in the complaint." *Bohan v. Honeywell Int'l Inc.*, No. 02-CV-612 (JEL/JGL), 2002 WL 31767786 (D. Minn. Dec 9, 2002). Here, Lucke misstates the facts in his complaint. Because he has not alleged any facts showing that there was a fraudulent transfer from Wells Fargo to MERS, his allegation is insufficient to support a claim for relief.[3]

### 6.      Wells Fargo's Authority to Foreclose

Lucke's final claim is that Wells Fargo "lacked authority to foreclose on the theory that the assignment from the mortgagee to the Defendant [was] executed by individuals who lacked authority to do so, resulting in a defective chain of title that would undermine the Defendant's authority to ever foreclose." (Compl. ¶ 14.) This theory has

---

[3] In his complaint, Lucke discusses current litigation against MERS and argues that this supports his claim against Wells Fargo. (*See* Compl. ¶ 11(d)(4).) This allegation is insufficient. First, MERS is not a party to this dispute. Second, the case cited in the complaint took place in Pennsylvania.  Plaintiff has not provided any facts to explain how the Pennsylvania litigation against MERS relates to the case at hand.

been addressed by the Eighth Circuit many times. *See, e.g.*, *Karnatcheva v. JPMorgan Chase Nat'l Bank, N.A.*, 704 F.3d 545, 547-48 (8th Cir. 2013); *Dunbar v. Wells Fargo Bank, N.A.*, 709 F.3d 1254, 1257 (8th Cir. 2013); *Iverson v. Wells Fargo Bank, N.A.*, 502 Fed. Appx. 624, 624 (8th Cir. 2013). The Eighth Circuit has consistently held that these types of pleadings fail to meet the Rule 8(a) requirements because they lack "sufficient factual matter, accepted as true," and, rather, are "insufficient labels and conclusions." *Karnatcheva*, 704 F.3d at 547.  Thus, Lucke's allegations fail to state a claim for the same reasons.

[Continued on next page.]

## IV.    Recommendation

Based on the forgoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Wells Fargo's Motion to Dismiss (ECF No. 26) be **GRANTED** as set forth above, and this action be **DISMISSED**.


Date: April ___2___, 2014                              _____*s/ Tony N. Leung*_____
                                                       Tony N. Leung
                                                       United States Magistrate Judge
                                                       District of Minnesota

                                                       *Lucke v. Wells Fargo Bank, N.A.*
                                                       File No. 13-CV-2193 (MJD/TNL)


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of the Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court by **April 17, 2014**